**Walter GUNN, Plaintiff-Appellant,**

v.

**GREAT LAKES DREDGE & DOCK COMPANY, Defendant-Appellee.**

No. 82–1338.

United States Court of Appeals, Sixth Circuit.

Argued May 18, 1983.

Decided June 23, 1983.

Ned L. Mann (argued), Mann, Gullia & Granzier, Cleveland, Ohio, Victor G. Hanson, Detroit, Mich., for plaintiff-appellant.

John Arthur Hamilton (argued), Detroit, Mich., for defendant-appellee.

Before EDWARDS, Chief Circuit Judge, KRUPANSKY, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

Plaintiff in this case appeals from a jury verdict in favor of the defendant. The action was based upon provisions of the Jones Act 46 U.S.C. § 688 (1976).

Plaintiff was a "scowman" engaged at the time of his injury in unhooking a scow from bollards at a dock in the Cuyahoga River and charged with giving the captain of the tugboat, which was going to tug the scow, a signal to proceed when he had thrown off the cables. After plaintiff had untied two of the lines, he gave a signal and the captain applied power to take the tug out into the river. At that point, for the first time, plaintiff Gunn saw that there was a third line attached to the bow which was being stretched by the tug and would be likely to break. He turned and ran but too late, for the line snapped and the end of it hit him in the leg, knocking him down and occasioning the injuries complained of.

It was plaintiff's contention that under the circumstances at the time, the Company was responsible for negligent conditions on the part of its personnel who had tied up the scow because three lines were unnecessary and the third line should not have been employed. It was the Company's contention that plaintiff Gunn had the clear re-

sponsibility to see that the scow was completely free of lines before he gave the signal to the captain to proceed.

On conflicting evidence, the question of the Company's negligence and the question of contributory negligence on the part of the plaintiff was submitted to the jury upon a charge as to which no objections were made. The jury found in favor of the defendant.

On review of this entire record, we find no reversible error and affirm the judgment of the District Court.